Graham S.P. Hollis (SBN 120577)
*ghollis@grahamhollis.com*
Vilmarie Cordero (SBN 268860)
*vcordero@grahamhollis.com*
**GRAHAMHOLLIS APC**
3555 Fifth Avenue, Suite 200
San Diego, California  92103
Telephone:     (619) 692-0800
Facsimile:     (619) 692-0822

David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, California 92101
Telephone:     (619) 399-3995
Facsimile:     (619) 615-2067

Walter Haines (SBN 71075)
*walter@uelglaw.com*
**UNITED EMPLOYEES LAW GROUP, PC**
5500 Bolsa Avenue, Suite 201
Huntington Beach, California 92649
Telephone:     (562) 256-1047
Facsimile:     (562) 256-1006

**Attorneys for Plaintiff Miquisha Straughter**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| MIQUISHA STRAUGHTER, individually and on behalf of all other similarly situated current and former non-exempt employees of Defendants in California, <br><br>    Plaintiff, <br><br>        v. <br><br> MACY'S WEST STORES, INC., and DOES 1 through 100, Inclusive, <br><br>    Defendants. | CASE NO.: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND PETITION FOR ORDER COMPELLING CLASS ACTION ARBITRATION** |

1

Plaintiff MIQUISHA STRAUGHTER ("Plaintiff" or "STRAUGHTER"), by and through her attorneys of record, brings this action on behalf of herself and all other similarly situated current and former non-exempt employees of Defendants MACY'S WEST STORES, INC., and DOES 1 through 100, Inclusive, (collectively "Defendants" or MACY'S") in California, as follows:

## I.

## NATURE OF THE ACTION AND INTRODUCTORY STATEMENT

1.    Plaintiff MIQUISHA STRAUGHTER is a former non-exempt employee of Defendants MACY'S WEST STORES, INC., and DOES 1 through 100, Inclusive, in California. Plaintiff and other similarly situated current and former non-exempt employees of Defendants signed Defendants' Solutions InSTORE Early Dispute Resolution Rules and Procedures (the "arbitration agreement") which Defendants implemented on January 1, 2007. [A true and correct copy of the arbitration agreement signed by Plaintiff is attached as **Exhibit A**.]

2.    This lawsuit arises because Defendants' arbitration agreement contains an illegal clause that conclusively precludes Plaintiff and the putative class members from asserting their protected rights under the National Labor Relations Act ("NLRA") and the Norris LaGuardia Act.  Specifically, the arbitration agreement contains an illegal class action waiver that completely precludes Plaintiff and the putative class members from acting in concert and filing joint, class, or collective claims addressing their wages, hours, or other working conditions against their employer *in any forum*, arbitral or judicial, in violation of Plaintiff's and putative class members' substantive and un-waivable rights.  [See Exhibit A, p. 12, at ¶ f. ii. Parties.]

3.     Therefore, Plaintiff brings this lawsuit seeking declaratory relief against Defendants, on behalf of herself and on behalf of all other similarly situated California employees of Defendant who signed the arbitration agreement, for an Order declaring Article 11, Section f. ii. of the arbitration agreement (hereinafter the "class action waiver clause") illegal and unenforceable as this clause interferes with Plaintiff's and the putative class members' un-waivable substantive rights guarantee by Section 7 and 8 of the NLRA, and protected under the Norris LaGuardia Act.

/ / /

/ / /

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

4.    Plaintiff further brings this lawsuit seeking an Order pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, compelling Defendants to arbitrate Plaintiff's and putative class members' California wage and hour claims in a single Class Action Arbitration procedure in accordance to the enforceable provisions of the arbitration agreement signed by the parties.

## II.

## THE PARTIES

5.    Plaintiff MIQUISHA STRAUGHTER is a resident of the State of California. Plaintiff was employed by MACY'S as a non-exempt, hourly-paid golf & active specialist at the golf & active department of one of MACY'S locations in Monterey, California.

6.    Defendant MACY'S WEST STORES, INC., is a corporation incorporated under the laws of Ohio, and which operates as a subsidiary of Macy's, Inc.  Macy's Inc. is a Delaware corporation that operates over 700 department stores in the United States, including those operated by Defendants, which as of April 2, 2016 employed approximately 157,900 regular full-time and part-time employees in the United States.[1]

7.    Defendant MACY'S WEST STORES, INC. was formerly known as Macy's Department Stores, Inc. and changed its name to Macy's West Stores, Inc. in August 2009. Defendant MACY'S WEST STORES, INC. executive offices and principal places of business are located at 7 West 7th Street, Cincinnati, Ohio, and 151 West 34th Street, New York, New York.

8.    Defendant MACY'S WEST STORES, INC. also has regional offices in San Francisco, California.

9.    Defendants employ over 29,500 employees and currently have approximately 132 stores in California.[2]

10.    Defendants employed Plaintiff and employ/employed other non-exempt employees throughout the State of California, including San Francisco.

---

[1] This information was obtained from Macy's Inc. annual report (form 10-K) for the Fiscal Year Ending on January 30, 2016, at p. 3. See http://investors.macysinc.com/phoenix.zhtml?c=84477&p=irol-reportsannual.
[2] This information was obtained from Macy's public profile at http://www.macysinc.com/for-investors/store-information/stores-by-state/default.aspx.

3

11.    Defendants' conduct, as alleged herein, occurred throughout the State of California, including, but not limited to, the County of San Francisco, California.

12.    The true names and capacities of the Defendants named as DOES 1 TROUGH 100, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants, when their names are ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

13.    Plaintiff alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Further, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the putative class members.  Finally, Plaintiff alleges that each Defendant was the alter ego of the other and that it would be unjust to treat each defendant separately for purposes of imposing liability.

### III.

### JURISDICTION AND VENUE

14.    This Court has jurisdiction over this Class Action seeking declaratory relief pursuant to 28 U.S.C. § 1331 in that this case presents a federal question under Article III of the United States Constitution; pursuant to the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151 *et. seq*., and the Norris LaGuardia Act, 29 U.S.C. § 101 *et seq*., and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

15.    In the alternative, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d).  The CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

/ / /

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

4

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

16.    This case meets each of the CAFA requirements because (1) Macy's public records show that Defendants have over 130 stores and over 29,000 employees in California[3], of which Plaintiff estimates at least 26,000 are putative class members because they signed the same or a similar arbitration agreement to the one Plaintiff signed during the past four years; (2) Defendants are not a state, state official, or other governmental entity; and (3) there is diversity between at least one putative class member and the named defendant pursuant to 28 U.S.C. § 1332(d).

17.    Furthermore, the amount in controversy in this action exceeds $5,000,000. Plaintiff seeks declaratory judgment establishing that class members cannot waive their rights to act together and file, jointly, class action claims related to their wages, hours, and other working conditions against Macy's, their current or former employer, pursuant to Section 7 and 8 of the NLRA and the Norris LaGuardia Act. Absent declaratory relief, Plaintiff and the class members would not be able to join together to exercise their protected rights, and should the class action waiver clause be enforced, Defendant will escape liability for wages and penalties for several thousand of individual class members residing in the State of California, whose aggregate claims for wages and penalties far exceeds the jurisdictional $5,000,000.00 amount.

18.    Venue is proper in the United States District Court, for the Northern District of California.  Macy's has regional offices located in San Francisco County and Macy's conduct operations throughout California, including San Francisco County.  Macy's employed many of the class members in San Francisco County.  Therefore, a substantial amount of the events, acts and/or omissions that form the basis for Plaintiff's request for declaratory relief have occurred in this District.

**IV.**

**GENERAL ALLEGATIONS**

19.    Plaintiff MIQUISHA STRAUGHTER was employed by Macy's as "Golf and Active Specialist," at Macy's location in Monterey, California between October 3, 2012 and August 28, 2016.

20.    She worked as a non-exempt employee in California until August 28, 2016 when she transferred to a Macy's location in Loiusville, Kenucky, and worked there until termination of her employment with Macy's on October 9 2016.

---

[3] See http://www.macysinc.com/for-investors/store-information/stores-by-state/default.aspx.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

21.    Plaintiff started working with Macy's at an hourly rate of $11.35 an hour.  Her hourly rate upon separation of employment was $11.95 an hour.

22.    In addition to her hourly rate, Plaintiff and putative class members received incentive pay, holiday premium pay, weekend shift differential, and non-discretionary bonuses based on their performance during the tenure of their employment at Macy's.

23.    Plaintiff typically worked five days a week, and worked over 8 hours a day and 40 hours a week while employed at Macy's.

24.    Macy's policies and practices required Plaintiff to assist customers at all times while working at the store, even during Plaintiff's meal and rest periods.  Therefore, Plaintiff took late, short and/or on-duty meal and rest periods on several occasions during her employment with Macy's.

25.    Plaintiff, and on information and belief the putative class members, never received a meal or a rest premium payment during their employment at Macy's.

26.    Plaintiff did not receive accurate wage statements during her employment at Macy's.  For example, Plaintiff did not receive accurately itemized wage statements showing all hours worked during a pay period and the corresponding rate of pay.  The wage statements Plaintiff received did not correctly identify, among other things, the total gross and net wages, the premium hours worked and the corresponding regular rate of pay for those hours, and further fail to identify the total number of overtime hours and the correct applicable overtime rate for those hours.

27.    Plaintiff separated employment on October 9, 2016 and Macy's did not pay her all owed regular, minimum, overtime and meal and rest period premium wages timely upon separation of employment.

28.    As a non-negotiable condition of her employment, Macy's required Plaintiff and putative class members to execute the arbitration agreement, which Defendants implemented in January 1, 2007. (See Exhibit A).

## V.

## <u>CLASS ACTION ALLEGATIONS</u>

29.    Plaintiff brings this declaratory relief action on behalf herself and all persons similarly situated.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

30.     The Class Plaintiff seeks to represent is defined as follows:

"All current and former California non-exempt hourly employees of MACY'S who worked within the State of California at any point during the past four (4) years prior to the filing of this Class Action and who signed an arbitration agreement that contains a class action waiver that completely precludes them from filing joint, class, or collective claims addressing their wages, hours, or other working conditions against MACY'S in any forum, arbitral or judicial."

31.     Plaintiff and the Class members signed the arbitration agreement containing the following or similar language:

"The Arbitrator shall not consolidate claims of different Associates into one (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action. (A class or collective action involves representative members of a large group, who claim to share a common interest, seeking relief on behalf of the group).

32.     Therefore, the arbitration agreement signed by Plaintiff and the Class contains an illegal class action waiver clause because this clause conclusively precludes Plaintiff and the Class members from exercising their un-waivable substantive rights under the NLRA, including their un-waivable right to engage in legal concerted activity and file a class action lawsuit seeking their wages, and to achieve more favorable terms and conditions of employment.

33.     The class action waiver clause (Article 11, Section f. ii.) of the arbitration agreement, which conclusively precludes Plaintiff and the Class for engaging in concerted activity and initiating a class action lawsuit *in any forum*, constitutes an illegal term because it improperly attempts to waive Plaintiff's and the Class members' un-waivable substantive federal right to pursue concerted work-related legal claims.

34.     The FAA does not mandate the enforcement of contract terms that waive substantive federal rights.   Therefore, the class action waiver clause of the arbitration agreement is void and unenforceable under sections 7 and 8 of the NLRA, the Norris LaGuardia Act, 29 U.S.C. § 101 *et seq.*, and under controlling federal law.

35.     Defendants have attempted, and continue to attempt, to prevent Plaintiff and the Class from exercising their un-waivable substantive rights under the NLRA to engage in concerted activity and initiating a class action lawsuit in any forum.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

36. Plaintiff brings this Class Action seeking an Order declaring the class action waiver clause illegal and unenforceable as this clause interferes with the substantive rights of Plaintiff and the Class guarantee by the NLRA and the Norris LaGuardia Act.

37. Plaintiff further seeks an Order pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, compelling Defendants to arbitrate Plaintiff's and Class members' wage and hour claims in a single Class Action Arbitration procedure in accordance with the remaining and enforceable provisions of the arbitration agreement signed by the parties.

38. This action has been brought and may properly be maintained as a Class action because:

    a. The class is so numerous that joinder of separate arbitrations on behalf of all members is impracticable. Pursuant to Defendants' public records, Plaintiff estimates over 26,000 class members in this case.[4]

    b. There are questions of law and fact common to the Class such as:

        i. Whether or not Macy's can legally require their employees to waive their substantive rights under section 7 of the NLRA;

        ii. Whether the Plaintiff and the Class can waive un-waivable substantive rights guarantee under section 7 of the NLRA through a contract;

        iii. Whether Plaintiff and the Class can seek class action arbitration pursuant to the remaining enforceable provisions of the arbitration agreement.

    c. The claims and defenses of the Plaintiff are typical of the claims and defenses of the Class.

    d. The Plaintiff will fairly and adequately protect the interests of the Class.

    e. Counsel selected to represent the class will fairly and adequately protect the interests of the Class.

    f. Each putative class member has entered into an agreement containing a class action waiver clause which is substantially similar to that signed by the Plaintiff;

---

[4] This information was obtained from Macy's public profile at http://www.macysinc.com/for-investors/store-information/stores-by-state/default.aspx.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

g.    In addition, the questions of law or fact common to the class predominate over any questions affecting only individual members, and that class arbitration is superior to other available methods for the fair and efficient adjudication of the controversy inasmuch as joinder of individual members of the Class is not practical and, if the same were practical, class members could not individually afford the litigation, such that individual litigation would be inappropriately burdensome.

39.    In the event that the void and unenforceable provisions of the class action waiver clause are enforced, Plaintiff and the Class will suffer similar injury as they will not have any effectual method of acting in concert and bargaining for their wages, hours, and/or other working conditions against their current and/or former employer Macy's.

40.    Moreover, only through the filing of a class or collective action, Plaintiff and the Class members would be able to obtain relief, including unpaid wages and moneys, for the wage and hour claims they allege against Macy's because these claims would otherwise be too small to warrant individual litigation and the payment of the filing fee, arbitration costs and attorney's fees associated with the arbitration. (See Exhibit A, at p. 14).

## VI.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

41.    Plaintiff incorporates by reference paragraphs 1 through 40 inclusive, and makes them a part of this First Cause of Action as though fully set forth herein.

42.    A present and actual controversy exists regarding the respective rights and obligations of Plaintiff, the Class and Defendants. Plaintiff and the Class desire a judicial determination of their rights and Defendants' obligations in a declaration as to whether Defendants' class action waiver clause contained in the arbitration agreement violates the Federal law.

43.    Such a declaration is necessary and appropriate at this time to allow Plaintiff and the Class Members to ascertain their un-waivable substantive rights to engage in concerted activity under the NLRA and file Class Action arbitration pursuant to the enforceable terms of the arbitration agreement seeking, among others, unpaid wages and better working conditions.

9

44.     Such a declaration and Order is necessary and appropriate to prevent further harm or infringement of Plaintiff's and the Class Members' un-waivable substantive rights to engage in concerted activity.

45.     Plaintiff and the Class Members have no adequate remedy at law, and unless this Court grants the relief requested herein, Plaintiff and the Class Members will continue to suffer irreparable harm by Macy's illegal class action waiver clause which to date continues to deprive Plaintiff and the Class members from engaging in concerted and protected activity under Federal law, which includes their right to seek unpaid wages owed to them in a single action.

## PETITION TO COMPEL CLASS ACTION ARBITRATION
## OF WAGE AND HOUR CLAIMS

Pursuant to 9 U.S.C. § 4

46.     Plaintiff incorporates by reference paragraphs 1 through 45 inclusive, and makes them a part of this Cause of Action as though fully set forth herein.

47.     This petition is brought pursuant to the arbitration agreement entered into by Plaintiff, the Class and Defendants.  The arbitration agreement calls for binding arbitration on all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law.

48.     As stated above, the class action waiver clause contained in the arbitration agreement is illegal as it relates to Plaintiff's and Class Members' wage and hour claims because the class action waiver clause results in Plaintiff and Class Members illegally waiving their un-waivable substantive rights to engage in concerted activity under the NLRA and rights protected under the Norris LaGuardia Act.

49.     The arbitration agreement, in Article 20, contains a Severability clause, which specifically states that in the events that any of the rules or procedures under the arbitration agreement is held to be unlawful or unenforceable, "*the conflicting rule or procedure shall be modified automatically to comply with applicable law*." (Emphasis added) [See Exhibit A, at p. 16.]

/ / /

/ / /

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

10

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

50.    As alleged herein, applicable Federal law requires the Class Members be able to file a lawsuit, as a group or as a Class, for the recovery of their unpaid wages, and for the achievement of more favorable terms and conditions of employment.

51.    Therefore, Plaintiff, on her behalf and on behalf of the Class, seeks an order compelling Macy's to submit Plaintiff's and Class Members' wage and hour claims to Class Arbitration.

**VII.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.    For a judicial declaration that the class action waiver contained in Article 11, section f. ii. of the arbitration agreement is illegal and unenforceable as this clause interferes with the substantive rights of Plaintiff and the Class Members guaranteed by Section 7 and 8 of the NLRA and the Norris LaGuardia Act.

2.    Enter an order in accordance with 9 U.S.C. § 4 compelling Macy's to arbitrate the Class Members' wage and hour claims under the terms of the arbitration agreement;

3.    Retain jurisdiction over this action for purposes of confirming any arbitral award, pursuant to 9 U.S.C. §§ 9; and

4.    Grant any such other relief as the Court shall deem just and appropriate.


Respectfully submitted,


Dated: March 6, 2017                              GRAHAM**HOLLIS** APC


                                                              By:  /s/ Vilmarie Cordero
                                                                    Graham S.P. Hollis
                                                                    Vilmarie Cordero
                                                                    Attorneys for Plaintiff

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

# EXHIBIT A





Federated Department Stores, Inc. ("Federated") and its subsidiaries and divisions (the "Company") care about their people. We know that from time to time Associates can have problems at work. And even routine differences can get bigger when there are no resources to help solve them.

In 2004, the Company set out to find a more effective way to resolve workplace disputes. We wanted a way that would benefit everyone involved. Our open door policy was a good place to start. Over the years, the Company has had a policy to help Associates handle problems by working with supervisors and/or Human Resources. To make this policy even better known and improve its effectiveness, the Company added new features. Together with Open Door they became our early dispute resolution program: Solutions InSTORE.

We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations. So, Open Door **(Step 1)** continues to be the foundation of our program. It must be used before taking the next step.

If you are not satisfied with the result, you can request to have your issue reviewed by the Office of Senior Human Resources Management **(Step 2).** The Senior Vice President or another Human Resources executive who was not involved in the Open Door process will review your issue. They'll get back to you in writing. Steps 1 and 2 are available for any disputes relating to your employment with the Company.

If you are not satisfied with the result at Step 2, and you believe your situation involves legally protected rights, you can make a Request for Reconsideration **(Step 3).** Step 3 gives you the option, depending on the nature of your claim, of two methods to continue to seek resolution. One method is Peer Review. A panel of your peers decides the outcome of your dispute. The other method is review by a representative from The Office of Solutions InSTORE. This office is located in Federated's Employee Relations Department in Cincinnati.

In those relatively rare situations that, for whatever reason, your dispute cannot be resolved at Step 3 and you wish to pursue it further, Solutions InSTORE provides for a private, professional way to resolve it outside the company. You can request Arbitration **(Step 4).** This process involves an Arbitrator. The Arbitrator is a professional, neutral third-party selected by both you and the Company. After a hearing, the Arbitrator renders a final decision. The decision is binding on both the Company and you. Nothing in the Solutions InSTORE program, however, prevents you from filing, at any time, a charge or complaint with a government administrative agency like the EEOC, for example.

MACYS000186

All Associates agree to be covered by Step 4 – Arbitration by accepting or continuing employment with the Company after the Effective Date. Associates are given the option to exclude themselves from Arbitration by completing an election form within the prescribed time frame. Until and unless an Associate elects to be excluded from arbitration within the prescribed time frame, the Associate is covered by Step 4 – Arbitration.

The following pages explain how Solutions InSTORE works.

MACYS000187

## Step 1 – Open Door

The Company's open door policy encourages Associates to try to resolve any problems at work with their immediate supervisors. If the Associate is unsatisfied with the immediate supervisor's response or needs to talk to someone other than the supervisor, the Associate may take the problem to the next higher level of supervision. Open Door also provides that the Associate may contact the Human Resources department for advice or assistance at any time.

## Step 2 – Review by the Office of Senior Human Resources Management

If the Associate is not satisfied with the result of Open Door (Step 1), the Associate may go to Step 2. To do that, the Associate files a written request for review with the Office of Senior Human Resources Management within thirty (30) days of the Step 1 decision. The complaint is referred to an appropriate HR executive, one who was not involved at Step 1, who will conduct an impartial investigation. A written decision is then issued generally within forty-five (45) days of receiving the complaint. Along with the decision are instructions for pursuing Step 3 if the Associate is not satisfied with the results of Step 2.

Steps 1 and 2 are available for any disputes relating to your employment at the Company. Steps 3 and 4 are available only for claims involving legally protected rights. "Legally protected rights" means claims the Associate could raise in a court or before an administrative agency.

MACYS000188

## Step 3 – Request for Reconsideration

For claims involving legally protected rights,if the Associate is not satisfied with the results of Step 2, the Associate may go to Step 3. To do that, the Associate contacts the Office of Solutions InSTORE within thirty (30) days of the Step 2 decision to file a written Request for Reconsideration. Step 3 involves two features the Associate may consider:

### 1 – Peer Review

Peer Review is available if the Associate's claim involves:

• A final warning or the final phase of written commitment to change or improve a performance issue, or
• Termination of employment,

and does not involve issues claiming harassment, discrimination, a reduction in force, layoff, or alleged statutory violations. If the Associate chooses Peer Review, a representative from The Office of Solutions InSTORE gives the Associate contact information for a division facilitator. The Associate has ten (10) days to contact the facilitator. The facilitator arranges for a panel proceeding. A volunteer panel is assembled to review the Associate's complaint and render a decision. This panel consists of peers from the Associate's level, one (1) from the next level and one (1) non-voting facilitator to manage the process. Numbers of panelists may vary by division, region or location. Panels always consist of at least three (3) voting members. The panel is assembled to review the Associate's complaint. A response is given within five (5) days of the conclusion of the panel proceedings.

A decision of the Peer Review panel that upholds the Associate's claim is final and binding on the Company. If the panel denies the Associate's claim, the Company will let the Associate know the procedures for continuing on to Step 4.

### 2 – Review by the Office of Solutions InSTORE

This feature is available for all claims involving legally protected rights. If the Associate chooses review by the Office of Solutions InSTORE, the Solutions InSTORE Program Manager will send to the Associate a confirmation that the complaint was received. A representative of the Office of Solutions InSTORE then conducts an investigation and provides the Associate with a decision in writing. The decision is generally provided within forty-five (45) days of receiving the complaint. A decision that upholds the Associate's claim is final and binding on the Company. But a decision denying the Associate's claim in any way may be challenged by requesting arbitration under Step 4. If the claim is denied, the company will let the Associate know the procedures for continuing on to Step 4.

MACYS000189

## Step 4 – Arbitration Rules and Procedures

### Article 1 – Individuals Covered

This Plan Document applies, as of the Effective Date provided in Article 4, to the following individuals, provided that they are not covered by a collective bargaining agreement with Federated:

### a. Newly Hired Associates

All Associates hired by Federated with a first day of employment on or after January 1, 2007.

### b. Covered May Associates

Associates whose employment with Federated relates to the merger of The MAY Department Stores Company with and into Federated Department Stores, Inc. on August 30, 2005 (the "Merger"), as defined in i and ii below:

i. Former MAY Associates continuously employed by Federated Retail Holdings, Inc., formerly known as The MAY Department Stores Company, between August 30, 2005 and January 1, 2007

ii. Any Associate hired with a first day of employment before January 1, 2007 by a Federated division or subsidiary or operating unit that was an affiliate of MAY before the Merger (e.g., a store, a distribution center, a call center, etc.)

*"Federated" means any division or subsidiary or operating unit or entity related to Federated Department Stores Inc.*

All Associates are automatically covered by all 4 steps of the program by taking or continuing a job with the Company. That means that all Associates agree, as a condition of employment, to arbitrate any and all disputes, including statutory and other claims, not resolved at Step 3. However, Arbitration is a voluntary condition of employment. Associates are given the option of excluding themselves from Step 4 arbitration within a prescribed time frame. Issues at Step 4 are decided by a professional from the American Arbitration Association in an arbitration process, rather than in a court process. Arbitration thus replaces any right you might have to go to court and try your claims before a jury. You are covered by Step 4 unless and until you exercise the option to exclude yourself from arbitration. Whether you choose to remain covered by arbitration or to exclude yourself has no negative effect on your employment.

MACYS000190

Any Associate who experiences a break in service with the Company of sixty (60) days or less, or who transfers from one subsidiary, division or affiliated Federated Company to another, remains covered by Arbitration, unless the Associate previously excluded himself during the prescribed time period. If the Associate becomes re-employed with the Company following a break in service greater than sixty (60) days, the Associate is treated as a new hire and is given the opportunity to elect to be excluded from arbitration during the prescribed time period.

### Article 2 – Claims Subject to or Excluded from Arbitration

Except as otherwise limited, all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law ("Employment-Related Claims"), shall be settled exclusively by final and binding arbitration. Arbitration is administered by the American Arbitration Association ("AAA") under these Solutions InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures. Arbitration is held before a neutral, third-party Arbitrator. The Arbitrator is selected in accordance with these Solutions InSTORE Early Dispute Resolution Rules and Procedures. If there are any differences between the Solutions InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures, the Solutions InSTORE Early Dispute Resolution Rules and Procedures shall apply.

Arbitration shall apply to any and all such disputes, controversies or claims whether asserted by the Associate against the Company and/or against any employee, officer, director or alleged agent of the Company. Arbitration shall also apply to any and all such civil disputes, controversies or claims asserted by the Company against the Associate.

All unasserted employment-related claims as of January 1, 2007 arising under federal, state or local statutory or common law, shall be subject to arbitration. Merely by way of example, Employment-Related Claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, including amendments to all the foregoing statutes, the Employee Polygraph Protection Act, state discrimination statutes, state statutes, and/or common law regulating employment termination, misappropriation, breach of the duty of loyalty, the law of contract or the law of tort; including, but not limited to, claims for malicious

MACYS000191

prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, intentional/negligent infliction of emotional distress or defamation.

Claims by Associates that are required to be processed under a different procedure pursuant to the terms of an employee pension plan or employee benefit plan shall not be subject to arbitration under Step 4. Claims by Associates for state employment insurance (e.g., unemployment compensation, workers' compensation, worker disability compensation) or under the National Labor Relations Act are also not subject to Arbitration under Step 4. Statutory or common law claims made outside of the state employment insurance system alleging that the Company retaliated or discriminated against an Associate for filing a state employment insurance claim, however, shall be subject to arbitration.

Nothing in these Solutions InSTORE Early Dispute Resolution Rules and Procedures prohibits an Associate from filing at any time, a charge or complaint with a government agency such as the EEOC. However, upon receipt of a right to sue letter or similar administrative determination, the Associate's claim becomes subject to arbitration as defined herein.

### Article 3 – Dismissal/Stay of Court Proceeding

By agreeing to arbitration, the Associate and the Company agree to resolve through arbitration all claims described in or contemplated by Article 2 above. This means that neither the Associate nor the Company can file a civil lawsuit in court against the other party relating to such claims. If a party files a lawsuit in court to resolve claims subject to arbitration, both agree that the court shall dismiss the lawsuit and require the claim to be resolved through the Solutions InSTORE program.

If a party files a lawsuit in court involving claims that are, and other claims that are not, subject to arbitration under Step 4, such party shall request the court to stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration, assuming the earlier steps have been exhausted. The Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

### Article 4 – Effective Date

As to any Individuals Covered (as defined in Article 1), the Solutions InSTORE program is effective January 1, 2007.

MACYS000192

### Article 5 – Time Limit to Initiate Arbitration

Arbitration must be initiated in accordance with the time limits contained in the applicable law's statute of limitations. The period of time elapsed during which the Associate pursued his or her claims under Steps 1-3 of this Program is added on to the applicable limitations period.

### Article 6 – Commencement of Arbitration

To initiate arbitration, the Associate or Company must give written notice to the other party and/or person who is alleged to be liable in the dispute ("Claimant"). Notice to the Company must be given to the Office of Solutions InSTORE.

Notice to the Associate must be given by mailing to the Associate's last known home address.

The notice shall include a statement of the nature of the claim together with a brief description of the relevant facts, the remedies including any amount of damages being sought, and the address which the Claimant will use for the purpose of the arbitration.

Within thirty (30) days after notice of a dispute is given, the other party shall give its response ("Respondent"). The response shall state all available defenses, a brief description of relevant facts and any related counterclaims then known.

Within thirty (30) days after such counterclaims are given, the Claimant shall give Respondent a brief statement of the claimant's defenses to and relevant facts relating to the counterclaims.

Claims and counterclaims may be amended before selection of the arbitrator and thereafter with the arbitrator's consent. Notices of defenses or replies to amended claims or counterclaims shall be delivered to the other party within the thirty (30) days after the amendment.

### Article 7 – Selection of an Arbitrator

Both the Company and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. After receiving and/or filing an Arbitration Request Form, the Solutions InSTORE Program Manager shall ask the American Arbitration Association to provide the Company and the Associate a panel of seven (7) neutral arbitrators with experience deciding employment disputes.

MACYS000193

The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the American Arbitration Association. Within seven (7) calendar days after the panel composition is received, the Associate and the Company shall take turns striking unacceptable arbitrators from the panel until only one remains. The Associate and the Company will inform the American Arbitration Association of the remaining arbitrator who will decide the dispute. However, if both parties agree that the remaining arbitrator is unacceptable, a second panel will be requested from the American Arbitration Association and the selection process will begin again. If both parties agree no one on the second panel is acceptable, either party may request the American Arbitration Association to simply appoint an Arbitrator who was not on either panel.

### Article 8 – Time and Place of Arbitration

The arbitration hearing shall be held at a location within fifty (50) miles of the Associate's last place of employment with the Company, unless the parties agree otherwise. The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and a decision rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

### Article 9 – Right to Representation

Both the Associate and the Company shall have the right to be represented by an attorney. If the Associate elects not to be represented by an attorney during the arbitration proceedings, the Company will not have an attorney present during the arbitration proceedings.

### Article 10 – Discovery

#### a. Initial Disclosure

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents upon which they rely in support of their claims or defenses. However, the parties need not provide privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials. Throughout the discovery phase, each party shall provide the other party with any and all such documents relevant to any claim or defense.

MACYS000194

Upon written request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL FILE."

### b. Other Discovery

#### i. Interrogatories/Document Requests

Each party may propound one (1) set of twenty (20) interrogatories (including subparts) to the other party. Interrogatories are written questions asked by one party to the other, the recipient must answer under oath. Such interrogatories may include a request for all documents upon which the responding party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

#### ii. Depositions

A deposition is a statement under oath that is given by one party in response to specific questions from the other party. It is usually recorded or transcribed by a court reporter. Each party shall be entitled to take the deposition of up to three (3) relevant individuals of the party's choosing. he party taking the deposition shall be responsible for all associated costs, such as the cost of a court reporter and the cost of a transcript.

#### iii. Additional Discovery

Upon the request of any party and a showing of appropriate justification, the Arbitrator may permit additional relevant discovery, if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay the conclusion of the arbitration.

### c. Discovery Disputes

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the parties. In ruling on discovery disputes, the arbitrator need not follow but may consult the discovery rules contained in the Federal Rules of Civil Procedure.

### d. Time for Completion of Discovery

All discovery must be completed within ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown as determined by the Arbitrator. In order to expedite the arbitration, the parties may initiate discovery prior to the appointment of the Arbitrator.

MACYS000195

### Article 11 – Hearing Procedure

#### a. Witnesses

Witnesses shall testify under oath, and the Arbitrator shall afford each party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other party. Either party may issue subpoenas compelling the attendance of any other person necessary for the issuing party to prove its case.

##### i. Subpoenas

A *subpoena* is a command to an individual to appear at a certain place and time and give testimony. A *subpoena* also may require that the individual bring documents when he or she gives testimony. To the extent authorized by law, the Arbitrator shall have the authority to enforce and/or cancel such subpoenas. *Subpoenas* must be issued no less than ten (10) calendar days before the beginning of an arbitration hearing or deposition.

The party issuing the *subpoena* shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

##### ii. Sequestration

The Arbitrator shall ensure that all witnesses who testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, unless the Arbitrator finds cause to proceed in a different fashion, the Arbitrator shall sequester all witnesses who will testify at the arbitration, however, the Arbitrator shall permit the Associate involved in the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

#### b. Evidence

The parties may offer evidence that is relevant and material to the dispute and shall produce any and all non-privileged evidence that the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

MACYS000196

### c. Burden of Proof

Unless the applicable law provides otherwise, the party requesting arbitration or the party filing a counterclaim has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, the party bringing the arbitration must prove that the other's conduct was a violation of applicable law.

### d. Briefing

Each party shall have the opportunity to submit one (1) dispositive motion, one (1) pre-hearing brief, and one (1) post-hearing brief, which is a written statement of facts and law, in support of its position. Submission of such briefs is not required, however, briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

### e. Transcription

The parties may arrange for transcription of the arbitration by a certified reporter. The party requesting transcription shall pay for the cost of transcription.

### f. Consolidation

#### i. Claims

The Arbitrator shall have the power to hear as many claims as a Claimant may have consistent with Article 2 of these Solutions InSTORE Early Dispute Resolution Rules and Procedures.

The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form. To add claims, the Claimant must notify the other party at least thirty (30) calendar days prior to a scheduled arbitration. The additional claims must be timely, under the applicable law, as of the date on which they are added. The other party must not be prejudiced in its defense by such addition.

#### ii. Parties

The Arbitrator shall not consolidate claims of different Associates into one (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action. (A class or collective action involves representative members of a large group, who claim to share a common interest, seeking relief on behalf of the group).

MACYS000197

### g. Confidentiality

All aspects of an arbitration pursuant to these Solutions InSTORE Early Dispute Resolution Rules and Procedures, including the hearing and recording of the proceeding, shall be confidential and shall not be open to the public. The only exceptions are : (i) to the extent both parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the parties: or (iii) as may otherwise be appropriate in response to a governmental agency, legal process, or as required by law.

All settlement negotiations, mediations, and any results shall be confidential.

## Article 12 – Substantive Choice of Law

The Arbitrator shall apply the substantive law, including the conflicts of law, of the state in which the Associate is or was employed. For claims or defenses arising under or governed by federal law, the Arbitrator shall follow the substantive law as set forth by the United States Supreme Court. If there is no controlling United States Supreme Court authority, the Arbitrator shall follow the substantive law that would be applied by the United States Court of Appeals and the United States District Court for the District in which the Associate is or was employed.

## Article 13 – Arbitrator Authority

The Arbitrator shall conduct the arbitration. The arbitrator shall have the authority to render a decision in accordance with these Solutions InSTORE Early Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes.

The Arbitrator's authority shall be limited to deciding the case submitted by the party bringing the arbitration. Therefore, no decision by any Arbitrator shall serve as precedent in other arbitrations.

The arbitration procedure contained herein does not alter the Associate's employment status. The status remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without cause or prior notice. Accordingly, the Arbitrator shall have no authority to alter the Associate's employment status by, for example, requiring that the Company have "cause" to discipline or discharge an Associate. Nor may the arbitrator otherwise change the terms and conditions of employment of an Associate unless required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

MACYS000198

The Arbitrator shall have the power to award sanctions against a party for such party's failure to comply with these Solutions InSTORE Early Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs or prohibitions of evidence. If justified by a party's wanton or willful disregard of these Solutions InSTORE Early Dispute Resolution Rules and Procedures, the Arbitrator may award the sanction of an adverse ruling in the arbitration against the party who has failed to comply.

### Article 14 – Award

Within thirty (30) calendar days after the later of the close of the hearing or the receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written decision. The decision shall specify appropriate remedies, if any, if a violation of law is found. If the Associate's claim arises under federal or state statutory law, the award should include findings of fact and conclusions of law; otherwise, the inclusion of such findings and conclusion is at the Arbitrator's discretion. The parties to an arbitration shall be provided with a copy of the Arbitrator's award.

### Article 15 – Fees and Expenses

#### a. Costs Other Than Attorney Fees

##### i. Definitions

Costs of an arbitration include the daily or hourly fees and expenses (including travel) of the Arbitrator who decides the case, filing or administrative fees charged by the AAA, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

##### ii. Filing Fee/Costs of Arbitration

An Associate initiating arbitration shall pay the cost of arbitration up to a maximum of the least of one (1) day's base pay or One Hundred Twenty-Five Dollars ($125), whichever is less. Upon filing the request for arbitration, the Associate shall remit such fee. The Company shall pay the remainder of the costs of the arbitration. The Company shall pay the entire filing fee should it initiate arbitration. Except as provided below, each party shall pay its own incidental costs, including attorney's fees.

The AAA has developed guidelines for waiving administrative fees. This Plan is subject to those guidelines.

MACYS000199

### b. Reimbursement for Legal Fees or Costs

The program does not infringe on either party's right to consult with an attorney at any time. In fact, the Company will reimburse an Associate for this legal consultation and/or representation during Step 4 of the program, at a maximum benefit of Two Thousand Five Hundred Dollars ($2,500) per Associate in a rolling twelve (12) month period. If the Associate is not represented by counsel, the Company will reimburse an Associate for incidental costs up to a maximum of Five Hundred Dollars ($500) per Associate in a rolling twelve (12) month period. The Associate will not be entitled to such reimbursement by the Company if the Arbitrator determines the arbitration claim by the Associate was frivolously filed. Any reimbursement to the Associate will occur following the conclusion of the proceedings upon submission of the Associate's bills for costs of legal services or incidental costs.

### c. Shifting of Costs

If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, the filing fee shall be refunded to the Associate. The Arbitrator may (based on the facts and circumstances) also require that the Company pay the Associate's share of the costs of arbitration and incidental costs.

## Article 16 – Remedies and Damages

Upon a finding that a party has sustained its burden of persuasion in establishing a violation of applicable law, the Arbitrator shall have the same power and authority as would a judge to grant any relief, including costs and attorney's fees, that a court could grant, in conformance with applicable principles of common, decisional and statutory law in the relevant jurisdiction.

## Article 17 – Settlement

The parties may settle their dispute at any time without involvement of the Arbitrator.

MACYS000200

### Article 18 – Enforceability

The arbitration agreement, the arbitration proceedings, and any award rendered pursuant to them shall be interpreted under, enforceable in accordance with, and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. regardless of the state in which the arbitration is held or the substantive law applied in the arbitration. If for any reason the Federal Arbitration Act is inapplicable to enforce this agreement, the Parties agree it will be enforced under the governing state arbitration statute(s).

### Article 19 – Appeal Rights

The decision rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

### Article 20 – Severability/Conflict with Law

In the event that any of these Solutions InSTORE Early Dispute Resolution Rules and Procedures are held to be unlawful or unenforceable, the conflicting rule or procedure shall be modified automatically to comply with applicable law.

In the event of an automatic modification with respect to a particular rule or procedure, the remainder of these rules and procedures shall not be affected. An automatic modification of one of these rules or procedures shall apply only in regard to the particular jurisdiction and dispute in which the rule or procedure was determined to be in conflict with applicable law. In all other jurisdictions and disputes, these Solutions InSTORE Early Dispute Resolution Rules and Procedures shall apply in full force and effect.

### Article 21 – Cancellation or Modification of Dispute Resolution Rules and Procedures or Program

The Company may alter these Solutions InSTORE Early Dispute Resolution Rules and Procedures or cancel the program in its entirety upon giving thirty (30) days written notice to Associates. If such notice is not provided to an Associate, the Solutions InSTORE Early Dispute Resolution Rules and Procedures that covered the Associate prior to the modification or cancellation shall govern.

MACYS000201

### Article 22 – Change in Control of Federated

A change in control of the Company shall nullify and cancel the Associate's agreement to be covered by Step 4 – Arbitration, respecting any claims the Associate may have arising after such change. A change in control will be deemed to have occurred if:

i. Federated is merged, consolidated, or reorganized into or with another corporation or other legal entity unaffiliated with Federated, resulting in less than a majority of the combined voting power of the then-outstanding securities of the surviving or resulting corporation or entity immediately after such transaction being held in the aggregate by those who were entitled to vote in the election of directors of Federated (the "Voting Stock") immediately prior to such transaction; or

ii. Federated sells or otherwise transfers substantially all of its assets to another corporation or other legal entity and, as a result of such sale or transfer, less than a majority of the combined voting power of the then-outstanding securities of such other corporation or entity immediately after such sale or transfer is held in the aggregate by the holders of Voting Stock of Federated immediately prior to such sale or transfer.

### Article 23 – Sale of Subsidiary or Division or Operating Unit

Should Federated sell a subsidiary or division or operating unit of a subsidiary (through the sale of stock or substantially all of its assets) and such transaction includes transferring Associates to a third-party, a transferring Associate's agreement to arbitration under this program shall remain in effect as to any Employment-Related Claims arising prior to such sale but only as to claims against Federated or its subsidiaries or divisions and shall be null and void as to any such third-party.

MACYS000202

**Office of Solutions InSTORE**
Federated Department Stores
7 West Seventh Street
Cincinnati, OH 45202
Toll Free Number: 866-285-6689
Email: solutions.instore@fds.com

MACYS000203

Welcome to Macy's, Inc. This form acknowledges that you have been given information about a unique employee benefit: The Solutions InSTORE early dispute resolution program. This document will be placed in your personnel file.

## Solutions InSTORE New Hire Acknowledgement

I have received a copy of the Solutions InSTORE brochure and Plan Document and acknowledge that I have been instructed to review this material carefully. I understand that I have 30 days from my date of hire to review this information and postmark my form to the Office of Solutions InSTORE if I wish to exclude myself from coverage under Step 4 of the program, Arbitration. I know I can get more information about Solutions InSTORE, or another copy of the Plan Document, from:

- **www.employeeconnnection.net, Benefits tab, Solutions InSTORE;**
- my Human Resources Representative;
- the Office of Solutions InSTORE, Macy's, Inc., 7 West 7th Street, Cincinnati, OH 45202, Solutions.instore@macys.com, phone (866) 285-6689, fax (513) 562-6720.

I understand that I am covered by and have agreed to use all 4 steps of Solutions InSTORE automatically by my taking or continuing a job in any part of Macy's, Inc.

This means that if at any time I have a dispute or claim relating to my employment, it will be resolved using the Solutions InSTORE process described in the brochure and Plan Document. The process continues to apply to such employment-related disputes even after my employment ends. The Solutions InSTORE process includes Step 4, Arbitration, where disputes are resolved by a professional not affiliated with Macy's, Inc. in an arbitration proceeding, instead of by a judge or jury in a court proceeding. I can read all about Solutions InSTORE, including the benefits and tradeoffs of Step 4, in the brochure and Plan Document. Questions or comments about the program can be directed to my Human Resources Representative or the Office of Solutions InSTORE.

I understand that if I do not wish to be covered by Step 4, Arbitration, the only way to notify the Company about my choice is by postmarking my election form within 30 days of hire and mailing it to the Office of Solutions InSTORE. My decision is kept confidential and will not affect my job.

I have personally received the Solutions InSTORE Brochure and understand it is my responsibility to read the brochure. If I have any questions I can contact my HR Representative or the Office Of Solutions InSTORE.

Associates covered under a collective bargaining agreement are not automatically eligible to participate in the Solutions InSTORE program. For employees who move in and out of a collective bargaining unit during a period of continuous employment, their original election made under the program will continue to apply during periods of eligibility.

I also understand that if I have previously been employed by any part or division of Macy's, Inc. within the last sixty (60) days, my prior decision about being covered by Step 4 - Arbitration, will continue to apply.

Please note, as of June 1, 2007, "Federated Department Stores, Inc." changed its name to "Macy's, Inc." As a result, all references to "Federated Department Stores", "Federated", or "FDS" in all Solutions InSTORE materials, including but not limited to the Program Brochure, Plan Document, and Election Form, should be replaced with "Macy's, Inc."

SW

# ELECTRONIC SIGNATURE

**SSN:** H00-22-6794
**Name:** Miquisha C Straughter
**Division:** 71
**Location:** 71361
**Form Name:** Solutions InSTORE
**Date Completed:** 10/3/2012 4:09:08 PM

| eSignature Element String |
|---|
| H00226794062293905 |

`Close`  `Print`

PLTF STRAUGHTER 000037